Mr. Barry L. Travis, Executive Director L.R. Convention Visitors Bureau P.O. Box 3232 Little Rock, AR 72203
Dear Mr. Travis:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain employees' personnel files and an "exit interview" document. These records have been requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101
through -107). You indicate that as custodian of the records, you have determined that these documents should not be released. I am required by law to issue my opinion as to whether your determination regarding the release of these documents is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B).
You have not provided copies of the requested documents. I therefore cannot opine definitively as to their releasability. It is likely that a blanket denial of access to all documents is inconsistent with the FOIA. In most cases, some documents are releasable, and some are not. In the following paragraphs, I will set forth the principles that must govern the issue of whether the documents should be released.
In order to determine whether the documents contained in the requested personnel files are releasable, it will be necessary to determine the proper classification of those documents. Personnel files typically contain documents that constitute either "personnel records" or "job performance/employee evaluation records" (within the meaning of the FOIA). Some of the documents may also fall within one of the FOIA's specific exemptions from disclosure, such as the exemption for "medical records." Some of the documents, even if disclosable, may contain information that is exempt from disclosure. If so, such information should be redacted prior to disclosure of the record.
The Disclosability Standard for Personnel Records
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
What is a Personnel Record?
An initial question, then, is whether the records in the requested personnel files constitute "personnel records." It is my opinion, as explained more fully below, that if these records pertain to the individuals' employment, but are not employee evaluations or job performance records, they would most likely be held by a court to constitute "personnel records."
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has noted that "[w]ith the exception of employee evaluation and job performance records, virtually all records pertaining to individual employees, former employees, or job applicants" are personnel records. Watkins, TheArkansas Freedom of Information Act (mm Press, 3rd Ed., 1998) at 134.
If the records in the requested personnel files are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of the individuals' personal privacy.
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. If you, as custodian of the records, have determined factually, upon the basis of the balancing test, that the release of the personnel records in the requested personnel files would not constitute a clearly unwarranted invasion of the individuals' personal privacy, the records should be released. (As noted previously, however, some of the personnel records in the files may fall within a specific exemption from disclosure.)
The Standard of Disclosability for Employee Evaluation/Job PerformanceRecords
Some of the records in the requested personnel files may constitute "employee evaluation/job performance records." Under the FOIA, "employee evaluation/job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
What is an Employee Evaluation/Job Performance Record?
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If any of the records in the requested personnel files are, in fact, employee evaluations or job performance records, the above-stated three part standard must be applied.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. Any employee evaluation/job performance records in the requested personnel files can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
What is a "Compelling Public Interest"?
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id. at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by you as the custodian of the records, considering all of the relevant information. Any employee evaluation/job performance records that may be in the requested personnel files can be released only if you have determined factually that there was a suspension or termination, that the records in question formed the basis for that suspension or termination, and that there is a compelling public interest in the records.
As a final matter, I reiterate that you should scrutinize any records that you determine to be releasable prior to releasing them, for the purpose of identifying any information that might be subject to a special exemption from disclosure under the FOIA, such as social security numbers. Any such information that you identify should be redacted from these documents prior to their release.
The "Exit Interview" Document
I have previously opined that "exit interview" documents are properly classified as "personnel records." See Op. Att'y Gen. No. 99-119. They are similar in nature to letters of resignation, which this office has previously opined are properly classified as "personnel records." See,e.g., Op. Att'y Gen. No. 95-167. As such, the exit interview document that has been requested must be disclosed under the FOIA unless (as discussed above) its disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh